Gao v. Barr

BIA
Poczter, IJ
A097 814 028

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty.

PRESENT:
>       ROBERT A. KATZMANN,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

_____

TONG GAO,
>       *Petitioner,*

>       v.                                          17-3960
>                                                   NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Vanessa M. Otero, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tong Gao, a native and citizen of the People's Republic of China, seeks review of a November 13, 2017, decision of the BIA affirming a February 2, 2017, decision of an Immigration Judge ("IJ") denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tong Gao,* No. A 097 814 028 (B.I.A. Nov. 13, 2017), *aff'g* No. A 097 814 028 (Immig. Ct. N.Y. City Feb. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in concluding

2

that Gao failed to satisfy his burden of proving a well-founded fear of future persecution in China on account of his practice of Christianity in the United States.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142. When an alien seeks to establish eligibility for relief based solely on activities commenced in the United States, he "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng*, 528 F.3d at 143.

The agency did not err in determining that Gao did not establish that he would be singled out for persecution upon return to China. Gao argued that he would be singled out for proselytizing because of two incidents, that the police

3

searched for one of his friends for attending a family church in 2007 and later arrested his sister-in-law during a house church gathering in in 2014. However, his argument is speculative. Neither Gao's friend nor his sister-in-law described harm sufficiently severe to constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (harm must rise above "mere harassment"). Neither described being apprehended for proselytizing, as Gao intends to do. Nor did Gao state whether he planned to attend his sister-in-law's house church. Moreover, the incident involving Gao's friend occurred approximately ten years prior to Gao's merits hearing. These two incidents years apart do not establish that Gao's fear of persecution is well founded.

The agency also did not err in finding that Gao failed to establish a pattern or practice of persecution of similarly situated Christians. The country conditions evidence reflects that there are tens of millions of Christians in China, more than 40 million of whom practice outside of state sanctioned churches and that the authorities' treatment of unregistered groups varies across the country. And the evidence describes few incidents of persecution in Gao's home province of Fujian, the most recent of which was in 2010.

4

This evidence describing varying levels of mistreatment with little documentation specific to Gao's home province is not sufficient to establish a pattern or practice of persecution. *See In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (declining to find a pattern or practice of persecution when the threat of harm was not "so systemic or pervasive as to amount to a pattern or practice of persecution").

Accordingly, because the agency reasonably found that Gao failed to demonstrate a well-founded fear of persecution, it did not err in also denying withholding of removal and CAT relief, as those forms of relief require a greater likelihood of harm. *See Lecaj v. Holder,* 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5